Woodruff, J. (Dissenting.)
I regret that I am not able to concur in the decision made in this case, - except as to the amount due to the defendants for return premiums.
It was conceded by the plaintiff’s counsel, that, in respect to the defendants’ claim to setoff the' amount of his loss by the ship Galena, (which. was adjusted before the proceedings- were taken- by which the Insurance Company was adjudged insolvent,) the plaintiff, as Receiver; stood in -the same situation as the Company itself would, had this action been prosecuted by them, (being in fact insolvent,) to recover the amount of the notes for which the action is brought. (2 R. S., 464, § 42; id., 469, §§ 68- *253 74; id., 41, § 7, and 47, § 39 [§ 36;] Holbrook v. Receivers, &c., 6 Paige, 220; Lindsay v. Jackson, 2 id., 581.)
I cannot concur in the conclusion, that the insolvency of the Company defeats the defendants’ right to set off his claim for this loss, or that the defendants have to go into any calculation with the other corporators, in the nature of an accounting between copartners. If by making a set-off he gains any advantage over others having claims against the Company, so as to have his claim paid in full, he gains just what always happens when any other corporation, or an individual, becomes insolvent; those who are both debtors and creditors of the insolvent can make the setoff, while other creditors take such dividend as they can get.
The reasoning which is supposed to exclude this set-off will apply equally to all Mutual Insurance Companies, and embraces all who effect insurance with them upon the mutual plan. It is recognizing a new species of partnership heretofore not known in this State, and it involves this result. To-day a dealer sustains a loss, and the Company holding his notes to a corresponding amount, the right of set off is clear; to-morrow the Company becomes insolvent and the right of set off is gone; the note must be paid in full, and the dealer must take his chance of payment for his loss by awaiting the dividends which may be made of the assets of the Company.
In my judgment the Company in respect to its right to collect the note, and its obligation to pay the loss, is to be regarded as an artificial person to whom the same rules would apply as to an insolvent natural person.
Besides, if this idea of copartnership is to prevail, it is conceded that this 'peculiar result does not arise until insolvency happens, and if the reasoning is carried out to its legitimate result, it should follow that the rights of the parties should await the final accounting, and be then adjusted. It would then appear how much, and how much only, the defendants should be required to pay. Surely they ought not to be required to pay their notes in full when they are clearly entitled to something in return. The rule should be applied equally in favor of both parties, if applied for the benefit of one. The mutual accounting, if it is to be had, ought to embrace claims against the defendants as weH as claims in their favor.. To make the defendants pay their note in full, *254 and compel them to await the final accounting before their clnim for a loss is paid, is to treat the parties as partners in respect to the Company’s liability to them, and not as partners in respect to their liability to the Company.
I think the judgment should be reversed and a new trial .ordered.
Judgment affirmed, with.costs.[1]